IN THE UNITED STATES DISTRICT COURT
EASTERND DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNION PACIFIC RAILROAD COMPANY                                    PLAINTIFF

VS.                          CASE NO. 4:22-CV-960-LPR

RANDY G. FRANKLIN                                                 DEFENDANT

## ANSWER AND COUNTERCLAIM TO COMPLAINT

COMES NOW Randy G. Franklin, defendant herein, and for his answer, responds to the numbered paragraphs of the plaintiff's complaint, as follows:

1. Defendant is without sufficient information to form a belief as to the truth of the purpose of the plaintiff's work rules stated in first sentence of paragraph one and therefore denies same. The balance of paragraph one is admitted.

2. The allegations of paragraph two are admitted.

3. The allegations of paragraph three are admitted.

4. The allegations of paragraph four are admitted except that the plaintiff made no express threat of legal action in the correspondence to which paragraph four alludes.

5. As to the allegations of paragraph five, defendant admits there is a justiciable controversy that is ripe for adjudication. The balance of paragraph five is denied to the extent that it makes disparaging characterizations of the plaintiff's legal position in this matter.

6. The allegations of paragraph six are admitted.

7. Paragraph seven avers a legal proposition to be determined by the Court to which no response is required and is thus denied.

8. The allegations of paragraph eight are admitted.

9. The allegations of paragraph nine are admitted.

10. The allegations of paragraph 10 are admitted.

11. As to paragraph 11, The defendant admits to this Court's jurisdiction over the subject matter.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted.

14. The averments of paragraph 14 are admitted except that the last sentence of paragraph fourteen regarding the alleged conflict of statutes is a legal conclusion requiring no response but which the defendant is not in agreement with.

15. The allegations of paragraph 15 are admitted.

16. The allegations of paragraph 16 are admitted.

17. As to the allegations of paragraph 17, the historical statements of the first sentence are admitted. As to the second sentence, the statute cited therein speaks for itself and the averments based thereon are legal conclusions requiring no response and thus are denied.

18. The averments of paragraph 18 are admitted.

19. To the extent that paragraph 19 merely provides a summary of a statutory framework whereby minor disputes are resolved before the National Railroad Adjustment Board, the allegations of paragraph 19 are admitted. Any other implied averments are denied.

20. To the extent that paragraph 20 provides a brief description of caselaw, the allegations are admitted. Any other implied averments are denied.

21. To the extent that that paragraph 21 contains a description of a legal principle as articulated in the case of Gore v. Trans World Airlines, that description is admitted. Any other implied assertions are denied.

22. As to the averments of paragraph 22, the defendant admits no more than that the term "presumption" has been used in the 8th Circuit caselaw in connection with minor disputes. The balance of paragraph 22 is denied.

23. The allegations of paragraph 23 are admitted and the statute speaks for itself.

24. The allegations of paragraph 24 are admitted and the statute speaks for itself.

25. The allegations of paragraph 25 are admitted and the statute speaks for itself.

26. The allegations of paragraph 26 are admitted.

27. The allegations of paragraph 27 are admitted.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are admitted.

32. The allegations of paragraph 32 are admitted.

33. The allegations of paragraph 33 are admitted.

34. The allegations of paragraph 34 are admitted.

35. The allegations of paragraph 35 are admitted.

36. The allegations of paragraph 36 are admitted.

37. The allegations of paragraph 37 are partially denied. By way of further answer, the plaintiff stated that Mr. Franklin returned to work on March 31 which is 3 weeks prior to the Board's decision to reinstate the Defendant on April 20th, 2022.  Also, Mr. Franklin's union agreement states that the Defendant had to return Mr. Franklin to work within 30 days of the decision. The Defendant delayed and dropped the ball many times and Mr. Franklin was not allowed to return to work until July 28, 2022.

38. The allegations of paragraph 38 are admitted.

39. The allegations of paragraph 39 are admitted.

40. The allegations of paragraph 40 are admitted.

41. The allegations of paragraph 41 are admitted.

42. The allegations of paragraph 42 are admitted.

43. The allegations of paragraph 43 are admitted.

44. To the extent that paragraph 44 has anticipated the counterclaim that defendant is filing concurrently with this answer, it is admitted.

45. Paragraph 45 requires no response.

46. The allegations of paragraph 46 are admitted.

47. The allegations of paragraph 47 are admitted.

48. The allegations of paragraph 48 set forth a hypothetical scenario to which no response is required. Paragraph 48 is thus denied.

49. As to the allegations of paragraph 49, the statute speaks for itself and the allegations are thus admitted insofar as they correctly describe the contents of the Arkansas statute referenced therein. To the extent that that the allegations seek to apply the Arkansas statutes to a hypothetical scenario, the allegations are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 set forth averments of law for this Court to decide and thus no response is required. By way of further answer, the averments of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are admitted to the extent that they allege that a controversy exists. Any other implied assertions are denied.

54. The defendant denies that the plaintiff is entitled to the relief it requests in the allegations of paragraph 54.

55. The allegations of paragraph 55 refer to future action and thus no response is possible or required.

56. Paragraph 56 requires no response.

57. The allegations of paragraph 57 are admitted.

58. The allegations of paragraph 58 are admitted to the extent that they allege that a controversy exists. Any other implied assertions are denied.

59. The allegations of paragraph 59 are admitted.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are admitted to the extent that they allege that a controversy exists. Any other implied assertions are denied.

63. The defendant denies that the plaintiff is entitled to the relief it requests in the allegations of paragraph 63.

WHEREFORE, the plaintiff's claim having shown to be without merit, the defendant prays the court dismiss the same and cast costs against the plaintiff.

## **COUNTERCLAIM**

64. For his counterclaim, the defendant adopts the facts as admitted in his answer regarding this Court's jurisdiction over venue and the nature of this action and avers that the plaintiff is personally subject to this Court's jurisdiction.

65. The defendant avers further that this Court has supplemental jurisdiction over this compulsory counterclaim that is based exclusively on state law, the statutory law of Arkansas that provides the cause of action in terms of which this counterclaim is asserted.

66. A.C.A. 11-5-117 prohibits two scenarios, the first is : "(b) A private employer shall not prohibit an employee from transporting or storing a legally owned firearm in the employee's private motor vehicle in the private employer's parking lot when the firearm is:

    (1) Lawfully possessed; and

    (2) Stored out of sight inside a locked private motor vehicle."

67. The second scenario the statute prohibits is: "(c) A private employer shall not prohibit or attempt to prevent an employee from entering the parking lot of the private employer's place of business because the employee's private motor vehicle contains a firearm if the firearm is:

    (1) Kept for lawful purposes; and

    (2) Stored out of sight inside a locked private motor vehicle."

68. A.C.A. 16-118-115 states that "An employer or employee who knowingly violates § 11-5-117 is liable to the prevailing party in an action brought under this section and, upon proving the prevailing party's case by clear and convincing evidence, is entitled to one (1) or more of the following remedies:

    (1) Equitable relief;

    (2) Compensatory damages; and

    (3) Costs and fees, including reasonable attorney's fees."

69. None of the exceptions in the statute apply to Mr. Franklin and Union Pacific.

70. Union Pacific is Mr. Franklin's private employer.

71. Union Pacific has prohibited Mr. Franklin from transporting and storing Mr. Franklin's lawfully possessed and legally owned firearm out of sight in Mr. Franklin's locked private motor vehicle in the Union Pacific parking lot.

72. Union Pacific prohibited Mr. Franklin from entering the parking lot of the Union Pacific's place of business with a firearm if Mr. Franklin's vehicle contained a firearm even if it was kept for lawful purposes and stored out of sight inside Mr. Franklin's locked private motor vehicle.

73. Mr. Franklin would like to bring his firearm to Union Pacific's parking lot in accordance with A.C.A. 11-5-117.

74. On April 20th, 2022 a public law board decision noted the following about Mr. Franklin (claimant) and Union Pacific (carrier): "The Claimant Should now be aware that it remains the firm position of this Carrier that bringing a firearm on property, even if stowed in a locked vehicle, continues to not be permitted. The Claimant is reminded that the Carrier has made clear during the handling of this matter that it intends to not waiver in its position that GCOR 1.12 and the longstanding policy of zero tolerance with regards to possessing firearms in facilities, equipment, or vehicles on company premises will continue to be maintained and enforced."

75. Prior to Union Pacific filing their claims against Mr. Franklin, Mr. Franklin sent Union Pacific a letter outlining Union Pacific's illegal practice of forbidding him from possessing or transporting a firearm on the Union Pacific parking lot.

76. In response to the aforementioned letter, Union Pacific has instituted the instant action. Thus, a justiciable controversy exists between the parties for which declaratory relief is an appropriate remedy which Mr. Franklin hereby seeks.

77. Furthermore, Mr. Franklin will suffer irreparable harm without an injunction enjoining Union Pacific from enforcing its firearm policy in violation of Arkansas statute. Mr. Franklin therefore requests that the Court enjoin Union Pacific from preventing Mr. Franklin from possessing or transporting his firearm in accordance with Arkansas law.

78. Mr. Franklin has been deprived by Union Pacific his right to property and self-defense (possessing his firearm).

79. Union Pacific's enforcement of its firearm policy has caused Mr. Franklin to sustain economic loss in that Mr. Franklin must pay attorney fees in order to defeat Union Pacific's claims in order to possess a firearm in accordance with Arkansas law.

80. Mr. Franklin is therefore entitled to compensatory damages from Union Pacific.

81. Mr. Franklin requests that the Court order Union Pacific to pay Mr. Franklin's costs, fines, fees, reasonable attorney fees, and compensatory damages relating to this cause of action.

Respectfully Submitted on Behalf of Randy Franklin,<br>
W. Whitfield Hyman<br>
AR BAR#: 2013237<br>
King Law Group, PLLC<br>
300 N 6th Street<br>
Fort Smith, Arkansas 72901<br>
Phone: (479) 318-0345<br>
Fax: (479) 316-2252

## CERTIFICATE OF SERVICE

I, William Whitfield Hyman, attorney for Defendant Randy Franklin, hereby certify that I have on this the 25th day of October, 2022, served a true and correct copy of the foregoing, upon:

Counsel for Union Pacific, Abtin Mehdizadegan,
500 President Clinton Ave, Suite 200, Little Rock, AR 72201
Email: abtin@cgwg.com

By insertion into the United States Postal Mail Service, certified mail restricted delivery, email if counsel has assented, and/or the court's electronic filing system.

 /s/William Whitfield Hyman