**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNION PACIFIC RAILROAD COMPANY**                                   **PLAINTIFF**

**v.**                    **CASE NO. 4:22-CV-00960 (LPR)**

**RANDY G. FRANKLIN**                                                **DEFENDANT**

**UNION PACIFIC RAILROAD COMPANY'S MOTION TO DISMISS
COUNTERCLAIM OF RANDY G. FRANKLIN**

Plaintiff and Counterclaim Defendant Union Pacific Railroad Company ("Union Pacific"), through its undersigned counsel, and for its Motion to Dismiss Counterclaim of Defendant and Counterclaim Plaintiff Randy G. Franklin ("Franklin"), respectfully states as follows:

1. On October 5, 2022, Union Pacific filed its two-count Complaint seeking a declaration that Ark. Code Ann. § 11-5-117 (July 28, 2021),[1] as applied to Union Pacific, is preempted by federal law, such as the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (FELA). *Dkt. 1*.

2. After receiving proper service, Franklin filed his Answer and Counterclaim on October 25, 2022. *Dkt. 11*.

3. Franklin specifically alleged that "a justiciable controversy exists between the parties for which declaratory relief is an appropriate remedy which Mr. Franklin hereby seeks." *Dkt. 11*, at ¶ 76.

---

[1] *See also* ARK. CODE ANN. § 5-73-326 (effective Aug. 1, 2017 through July 27, 2021; repealed and re-codified at Ark. Code Ann.§ 11-5-117).

1

4. Further, Mr. Franklin seeks to enjoin Union Pacific "from enforcing its firearm policy[.]" *Id.* at ¶ 77.

5. As discussed more fully in Union Pacific's accompanying Memorandum in Support, the Court should dismiss Franklin's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

7. Pursuant to the Supremacy Clause of the Unites States Constitution, no state may override liability imposed as a matter of federal law, including liability imposed through FELA. *See generally*, *St. Louis, San Francisco & Texas Ry. v. Seale*, 229 U.S. 156, 158 (1913) ("If [FELA] was applicable, the state statute [addressing the same subject] was excluded by reason of the supremacy of the former under the National Constitution").

8. Because FELA has been interpreted to impose liability for workplace violence based upon mere negligence when employees bring weapons to work, § 16-120-802(a), which would protect employers from such liability when a firearm is brought to the employer's parking lot pursuant to § 11-5-117, is in conflict with FELA and would stand as an obstacle to accomplishing Congress' objectives.

9. To be clear, Union Pacific does not take exception to the underlying policy judgment of the General Assembly in enacting section 11-5-117 as applied to Arkansas employers generally. However, in the special case of rail carriers like Union Pacific, the General Assembly cannot lawfully relieve them of liability because that liability is governed by federal rather than state law. As applied to rail carriers only, § 16-120-802(a) is preempted and, because § 11-5-117 was enacted as part of a common statutory scheme

and is linguistically and operationally inter-dependent with § 16-120-802(a), § 11-5-117 also is preempted as applied to rail carriers. Mr. Franklin's counterclaim asserting a violation of § 11-5-117 therefore fails to state a claim upon which relief may be granted and, pursuant to Fed. R. Civ. P. 12(b)(6), must be dismissed, with prejudice.

10.     This Motion is further supported by the following exhibits, which are necessarily embraced by the pleadings or otherwise matters contained in the public record:

| | |
|---|---|
| **EXHIBIT A** | **Act 1071 of 2017** |
| **EXHIBIT B** | **Senate Bill No. 37 (December 16, 2016)** |
| **EXHIBIT C** | **Amendment 1 to SB 37 (March 6, 2017)** |
| **EXHIBIT D** | **Act 486 of 2017** |
| **EXHIBIT E** | **Act 809 of 2021** |

WHEREFORE, Plaintiff and Counterclaim Defendant Union Pacific respectfully requests that the Court dismiss Franklin's Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for an award of all other relief to which Union Pacific is entitled.

Abtin Mehdizadegan, Ark. Bar No. 2013136
CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Ave., Suite 200
Little Rock, AR  72201
Phone: (501) 371-9999
Fax: (501) 371-0035
abtin@cgwg.com

- and -

Joseph P. Sirbak (admitted pro hac vice)
Robert S. Hawkins (admitted pro hac vice)
COZEN O'CONNOR
1650 Market Street, Suite 2800

Philadelphia, PA 19103
(215) 665-2000
jsirbak@cozen.com
rhawkins@cozen.com

Michael J. Mills (admitted pro hac vice)
Union Pacific Railroad
1400 Douglas Street
Omaha, NE 68179
(402) 544-0441
mjmills@up.com