Stricken language would be deleted from and underlined language would be added to present law.
Act 1071 of the Regular Session

| | | |
|---|---|---|
| 1 | State of Arkansas | *As Engrossed: S3/8/17* |
| 2 | 91st General Assembly | **A Bill** |
| 3 | Regular Session, 2017 | SENATE BILL 37 |

By: Senators A. Clark, *Hickey*

**For An Act To Be Entitled**
AN ACT PERMITTING A CONCEALED CARRY LICENSEE TO
POSSESS A CONCEALED HANDGUN IN HIS OR HER EMPLOYER'S
PARKING LOT; AND FOR OTHER PURPOSES.

**Subtitle**
PERMITTING A CONCEALED CARRY LICENSEE TO
POSSESS A CONCEALED HANDGUN IN HIS OR HER
EMPLOYER'S PARKING LOT.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. DO NOT CODIFY. *Legislative intent.*
*It is the intent of this act to reinforce and protect the right of each citizen to lawfully transport and store a handgun within his or her private motor vehicle for lawful purposes in any place where the private motor vehicle is otherwise permitted to be located.*

SECTION 2. Arkansas Code § 5-73-306(18), concerning prohibited places for the carrying of a concealed handgun, is amended to read as follows:
(18)(A)(i) Any place at the discretion of the person or entity exercising control over the physical location of the place by placing at each entrance to the place a written notice clearly readable at a distance of not less than ten feet (10') that "carrying a handgun is prohibited".
(ii)(a) If the place does not have a roadway entrance, there shall be a written notice placed anywhere upon the premises of the place.
(b) In addition to the requirement of

subdivision (18)(A)(ii)(a) of this section, there shall be at least one (1) written notice posted within every three (3) acres of a place with no roadway entrance.

(iii)  A written notice as described in subdivision (18)(A)(i) of this section is not required for a private home.

(iv)  Any licensee entering a private home shall notify the occupant that the licensee is carrying a concealed handgun.

(B)  Subdivision (18)(A) of this section does not apply if the ~~physical location~~ <u>place</u> is:

(i)  A public university, public college, or community college, as defined in § 5-73-322, and the licensee is carrying a concealed handgun as provided under § 5-73-322; ~~or~~

(ii)  A publicly owned and maintained parking lot if the licensee is carrying a concealed handgun in his or her motor vehicle or has left the concealed handgun in his or her locked and unattended motor vehicle~~.~~<u>; or</u>

<u>(iii)  A parking lot of a private employer and the licensee is carrying a concealed handgun as provided under § 5-73-324.</u>

SECTION 3.  Arkansas Code Title 5, Chapter 73, Subchapter 3, is amended to add a new section to read as follows:

<u>5-73-324.  Licensee rights — Private employer parking lot.</u>

<u>(a)  A private employer shall not prohibit an employee who is a licensee from transporting or storing a legally owned handgun in the employee's private motor vehicle in the private employer's parking lot when:</u>

<u>(1)  The handgun:</u>

<u>(A)  Is lawfully possessed;</u>

<u>(B)  Is stored out of sight inside a locked private motor vehicle in the private employer's parking lot; and</u>

<u>(C)(i)  Is stored inside a locked personal handgun storage container that is designed for the safe storage of a handgun.</u>

<u>(ii)  An employee is not required to store the handgun in the personal handgun storage container as required in subdivision (a)(1)(C)(i) of this section until he or she is exiting his or her private motor vehicle; and</u>

<u>(2)  The employee has in his or her possession the key to the</u>

1  *personal handgun storage container as required by subdivision (a)(1)(C)(i) of*
2  *this section.*
3         *(b)  A private employer shall not prohibit or attempt to prevent an*
4  *employee who is a licensee from entering the parking lot of the private*
5  *employer's place of business because the employee's private motor vehicle*
6  *contains a handgun if:*
7              *(1)  The handgun is kept for lawful purposes;*
8              *(2)  The handgun is concealed within the employee's private motor*
9  *vehicle; and*
10             *(3)  The employee stores the handgun in his or her motor vehicle*
11 *in accordance with subdivisions (a)(1)(A)-(C) of this section.*
12        *(c)  An employer has the right to:*
13             *(1)  Prohibit a person who is not an employee from storing a*
14 *handgun in the employee's motor vehicle in the private employer's parking*
15 *lot; and*
16             *(2)  Prohibit a licensee's entry onto the private employer's*
17 *place of business or in the parking lot because the person's private motor*
18 *vehicle contains a handgun in the following circumstances:*
19                  *(A)  The parking lot is a prohibited place specifically*
20 *listed in § 5-73-306;*
21                  *(B)  The parking lot is on the grounds of an owner-occupied*
22 *single-family detached residence or a tenant-occupied single-family detached*
23 *residence and the single-family detached residence or tenant-occupied single-*
24 *family detached residence is being used as a residence;*
25                  *(C)  The private employer reasonably believes that the*
26 *employee is in illegal possession of the handgun;*
27                  *(D)  The employee is operating a private employer-owned*
28 *motor vehicle during and in the course of the employee's duties on behalf of*
29 *the private employer, except when the employee is required to transport or*
30 *store a firearm as part of the employee's duties;*
31                  *(E)  The private motor vehicle is not permitted in the*
32 *parking lot for reasons unrelated to the employee's transportation, storage,*
33 *or possession of a handgun;*
34                  *(F)  The employee is the subject of an active or pending*
35 *employment disciplinary proceeding; or*
36                  *(G)  The employee, at any time after being issued a license*

As Engrossed: S3/8/17                                                                   SB37

1   *to carry a concealed handgun, has been adjudicated mentally incompetent or*
2   *not guilty in a legal proceeding by reason of mental disease or defect.*
3       *(d)  This section does not prevent a private employer from prohibiting*
4   *a person who is not licensed or who fails to transport or store the handgun*
5   *in accordance with subdivisions (a)(1)(A)-(C) of this section from*
6   *transporting or storing a handgun in the parking lot or from entering onto*
7   *the private employer's place of business or the private employer's parking*
8   *lot.*
9       *(e)  A former employee who possesses a handgun in his or her private*
10  *motor vehicle under this section is not criminally liable for possessing the*
11  *handgun in his or her private motor vehicle in his or her former private*
12  *employer's parking lot while the former employee is physically leaving the*
13  *private employer's parking lot immediately following his or her termination*
14  *or other reason for ceasing employment with the former private employer.*
15
16      SECTION 4.  Arkansas Code Title 16, Chapter 118, is amended to add an
17  additional section to read as follows:
18      *16-118-113.  Civil actions regarding violations of § 5-73-324.*
19      *An employer or employee who knowingly violates § 5-73-324 is liable to*
20  *the prevailing party in an action brought under this section and, upon*
21  *proving the prevailing party's case by clear and convincing evidence, is*
22  *entitled to one (1) or more of the following remedies:*
23          *(1)  Equitable relief;*
24          *(2)  Compensatory damages; and*
25          *(3)  Costs and fees, including reasonable attorneys' fees.*
26
27      SECTION 5.  Arkansas Code Title 16, Chapter 120, Subchapter 8, is
28  amended to add an additional section to read as follows:
29      *16-120-802.  Possession of a concealed handgun in a parking lot.*
30      *(a)  A business entity, owner or legal possessor of property, or*
31  *private employer is not liable in a civil action for damages, injuries, or*
32  *death resulting from or arising out of an employee's or another person's*
33  *actions involving a handgun transported or stored under § 5-73-324(a) or from*
34  *allowing a person to enter the private employer's place of business or*
35  *parking lot under § 5-73-324(b), including without limitation the theft of a*
36  *handgun from an employee's private motor vehicle, unless the business entity,*

1  *owner or legal possessor of property, or private employer intentionally*
2  *solicited or procured the other person's actions.*
3       *(b)  Employees shall, within twenty-four (24) hours of obtaining*
4  *knowledge of a theft occurring on a private employer's private parking lot,*
5  *report a handgun as lost or stolen to the private employer and a local law*
6  *enforcement agency with jurisdiction.*
7       *(c)  A handgun possessed in a parking lot does not solely constitute a*
8  *failure on the part of a private employer to provide a safe workplace.*
9       *(d)(1)  A private employer may terminate any employee for flagrantly or*
10 *unreasonably displaying a handgun in plain sight of others at the private*
11 *employer's place of business or in plain sight in an employee's motor*
12 *vehicle.*
13      *(2)  A private employer may bring a civil action against an*
14 *employee that knowingly display in a flagrant or unreasonable manner a*
15 *handgun in plain sight of others at a private employer's place of business or*
16 *in plain sight in an employee's motor vehicle, as described in § 16-118-113*
17 *except when an employee's display of a handgun is incidental and reasonably*
18 *related to the transfer of the employee's handgun from his or her locked*
19 *container located within the employee's motor vehicle to another part of the*
20 *employee's motor vehicle or employee's person.*
21
22                              */s/A. Clark*
23
24
25                         **APPROVED: 04/06/2017**