**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. 4:22-cv-960-LPR |
| v. ) | |
| ) | |
| RANDY G. FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

**UNION PACIFIC RAILROAD COMPANY'S RESPONSE TO**
**COURT'S ORDER AND TO DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT AND OTHER RELIEF REQUESTED**

Plaintiff Union Pacific Railroad Company ("Union Pacific") submits the following Response to the Court's Order (ECF No. 37) concerning the disposition of Union Pacific's pending Motion to Dismiss (ECF No. 14) and Defendant Randy G. Franklin's Motion for Summary Judgment and Other Relief Requested (ECF No. 35).

**I.  Union Pacific's Motion to Dismiss**

In its Order Certifying a Legal Question to the Supreme Court of Arkansas (ECF No. 26-1, pp. 5-6), the Court accurately summarized the "bank shot" argument advanced in Union Pacific's Motion to Dismiss: (i) the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*. ("FELA") preempts A.C.A. § 16-120-802(a), which affords Arkansas employers immunity from liability as a result of employees bringing firearms onto their employers' parking lots and (ii) because A.C.A. § 16-120-802(a) is not severable from A.C.A. § 11-5-117, which affords employees a limited right to bring firearms onto their employers' parking lots, then A.C.A. § 11-5-117 is preempted by FELA as well. The first proposition was undisputed, while the second proposition rested on the application of the Arkansas law of statutory severability.

Union Pacific strongly disagrees with the holding of the 4-3 majority of the Supreme Court that A.C.A. § 16-120-802(a) and A.C.A. § 11-5-117 are severable. As Chief Justice Kemp noted in his dissent, the predecessor to A.C.A. § 11-5-117 failed to pass the General Assembly until A.C.A. § 16-120-802(a) was added in order to strike a balance between the interests of employees and the interests of private employers. (ECF No. 31-2, p. 6). The chief House sponsor of the legislation could not have been more explicit, explaining on the House floor:

> The reason why any business does have a policy against having a handgun in the cars is for liability purposes. So their insurance companies, the attorneys at their insurance companies typically will tell them it's easier to have a policy against it rather than have a policy for it. Well, this creates that balance, and working with the Chamber of Commerce, it provides an exemption from liability if anything were to happen with that firearm being in the car. But it also enables a person, with their Second Amendment rights, be able to protect themselves travelling to and from work.
>
> …
>
> So, essentially what we have is a balance that's struck. … I participated in a forum with the Bar Association dealing with guns at work. The attorney on the other side is a … gun guy, but he counsels his clients all the time not to allow guns. And the only reason why he does that is because of liability purposes. … And that's why the Chamber of Commerce is not, historically in the past they've had a hard time with it. They worked with the Senate sponsor on this to do that and put it together.

Nevertheless, Union Pacific agrees that the Supreme Court is the final word on the application of the Arkansas law of statutory severability and the Supreme Court has spoken. Union Pacific agrees that the Court should deny its Motion to Dismiss.

II. **Mr. Franklin's Motion for Summary Judgment**

In his two-page Motion for Summary Judgment and Other Relief Requested (ECF No. 35), Mr. Franklin requests summary judgment in his favor and various other forms of relief. Aside from the numerous procedural irregularities in Mr. Franklin's Motion, he appears to fundamentally misconstrue the current procedural posture of the case. Union Pacific filed a two-count Complaint (ECF No. 1), seeking a declaratory judgment that A.C.A. § 11-5-117 is preempted by FELA (in

Count I) and by the Railway Labor Act (in Count II), and related injunctive relief. In response, Mr. Franklin answered Union Pacific's Complaint and brought a Counterclaim under Arkansas Code A.C.A. § 16-118-115 based on Union Pacific's alleged violation of Arkansas Code A.C.A. § 11-5-117. (ECF No. 11). In moving to dismiss Mr. Franklin's Counterclaim, Union Pacific relied only on its defense of FELA preemption. When the Court commented in its Order Certifying a Legal Question to the Arkansas Supreme Court that resolution of the severability issue would decide the case (ECF No. 26-1, p. 7), the Court necessarily was addressing only the FELA preemption theory raised in Union Pacific's Motion to Dismiss. If the Supreme Court found A.C.A. § 11-5-117 and A.C.A. § 16-120-802(a) to be non-severable, the litigation effectively would have been at an end; the converse is not true.

Mr. Franklin is incorrect in arguing that denial of Union Pacific's Motion to Dismiss means that "Franklin wins" and there is "no reason as to why this case should be prolonged any longer." First, denial of Union Pacific's Motion to Dismiss will commence the fourteen (14) day period specified in Fed. R. Civ. P. 12(a)(4)(A) for Union Pacific to answer Mr. Franklin's Counterclaim and assert its defenses. Most glaringly, neither party has put before the Court a motion addressing Union Pacific's claim that A.C.A. § 11-5-117 is preempted by the Railway Labor Act.

Second, the Court's statements with respect to Union Pacific's FELA preemption defense to Mr. Franklin's Counterclaim under A.C.A. § 16-118-115 do not address Mr. Franklin's entitlement to relief under his Counterclaim. A.C.A.§ 16-118-115 requires a plaintiff to prove that an employer "knowingly" violated A.C.A. § 11-5-117 and entitles Mr. Franklin to relief only should he prove his case by "clear and convincing evidence."  Mr. Franklin has not articulated *any* properly-supported, factual basis for the Court to enter judgment in his favor, and certainly not clear and convincing evidence.

Third, now that the Arkansas Supreme Court has found A.C.A. § 16-120-802(a) and A.C.A. § 11-5-117 to be severable, the practical result is that railroad carriers – alone among Arkansas employers – would face an added liability from permitting employees to bring firearms onto their premises without the clear and absolute shield to liability conferred by statute. The Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501 ("ICCTA") preempts state or local law that discriminates against rail carriers. *See Norfolk S. Ry. v. Dille Rd. Recycling, LLC*, 94 F.4th 517, 526 (6th Cir. 2024) ("A state regulation is permissible if it (1) is not unreasonably burdensome and (2) does not discriminate against railroads"); *Norfolk S. Ry. v. City of Alexandria*, 608 F.3d 150, 160 (4th Cir. 2010) (a state or local regulation enacted as an exercise of police power must not discriminate against rail carriers); *N.Y. Susquehanna & W. Ry. v. Jackson*, 500 F.3d 238, 253-55 (3d Cir. 2007) (applying interpretation of Surface Transportation Board that "state regulation is permissible if it passes a two-part test: (1) it is not unreasonably burdensome, and (2) it does not discriminate against railroads"). As interpreted by the Arkansas Supreme Court, A.C.A. § 11-5-117 discriminates against railroads. Union Pacific therefore intends to seek leave pursuant to Fed. R. Civ. P. 15(a)(2) to file a First Amended Complaint asserting an additional claim for declaratory and injunctive relief on the basis of ICCTA preemption. Such leave is to be freely granted. *See In re SuperValue, Inc. Customer Data Sec. Breach Litig.*, 925 F.3d 955, 961 (8th Cir. 2019) ("Leave to amend should be granted liberally under Rule 15 prior to dismissal"). Union Pacific anticipates filing its Motion for Leave to Amend, accompanied by its proposed First Amended Complaint, within fourteen (14) days.

Finally, Mr. Franklin's Motion for Summary Judgment is procedurally deficient. To the extent he seeks summary judgment, he failed to file an accompanying brief or concise statement of material facts as required by Local Rules 7.2(a) and 56.1(a). The day after Mr. Franklin filed

his Motion for Summary Judgment, the Clerk issued a deficiency letter (ECF No. 36) and Mr. Franklin has made no attempt to bring his Motion for Summary Judgment into compliance. To the extent Mr. Franklin seeks relief other than summary judgment, he made no effort to confer with Union Pacific. Union Pacific objects to Mr. Franklin's new demand for a jury trial, as well as his demand for additional discovery concerning consequential damages.

Union Pacific therefore requests that the Court deny in full Mr. Franklin's Motion for Summary Judgment and Other Relief Requested. Instead, now that the stay has been lifted, Union Pacific respectfully suggests that the Court schedule a conference with the parties in order to reset pretrial deadlines and address the future progress of this litigation.

Respectfully submitted,

Cynthia W. Kolb (ABA # 2000156)
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR  72201
Phone: (501) 377-0382
Fax: (501) 375-1309
ckolb@roselawfirm.com

- and -

Joseph P. Sirbak, II (admitted *pro hac vice*)
Robert S. Hawkins (admitted *pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2000
jsirbak@cozen.com
rhawkins@cozen.com

Michael J. Mills (admitted *pro hac vice*)
Union Pacific Railroad
1400 Douglas Street
Omaha, NE  68179
(402) 544-0441
mjmills@up.com