**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. 4:22-cv-960-LPR |
| v. | ) | |
| | ) | |
| RANDY G. FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**

Plaintiff Union Pacific Railroad Company ("Union Pacific") submits the following brief in support of its Motion to Strike Defendant's Jury Demand.

## A. Procedural Background

Defendant Randy G. Franklin ("Franklin") first asserted his Counterclaim against Union Pacific contemporaneously with filing his Answer to Union Pacific's Complaint on October 25, 2022. (ECF No. 11). Nowhere in his Counterclaim did Franklin make a jury demand. (*Id.*, ¶¶ 64-81). To the contrary, Franklin asked "the Court" to grant him injunctive relief, as well as costs, fines, fees, and attorney fees as compensatory damages. (*Id.*, ¶¶ 77, 81).

On August 28, 2024, with leave of court and without opposition from Franklin, Union Pacific filed its First Amended Complaint. (ECF No. 47). On October 1, 2024, Franklin filed his "Answer and Counterclaim to First Amended Complaint." (ECF No. 56). With the exception of (i) two paragraphs erroneously repeated twice in the Amended Counterclaim and (ii) a request for a jury trial in the concluding paragraph of his Amended Counterclaim, Franklin's original Counterclaim and Amended Counterclaim are verbatim. (*Compare* ECF No. 11, ¶¶ 64-81 *with* ECF No. 56, ¶¶ 73-92).

## B. Franklin Waived Any Right to Jury Trial by Not Raising It When He First Asserted His Counterclaim

A party may request a trial by jury by filing and "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Franklin did not make a jury demand within 14 days after the pleading on his original Counterclaim closed. Instead, Franklin attempts to resurrect his previously waived jury trial demand by including it with his Amended Counterclaim, filed nearly two years after his original Counterclaim. Rule 38 refers to pleadings "directed to the **issue**" on which a litigant is entitled to a jury trial. Where, as here, a party asserts a jury right for the first time in an amended pleading, which raises no new issues beyond those previously raised, federal courts uniformly have held that a litigant could not resuscitate a right to jury trial after that right has been waived. *See In re Yukon Energy Corp.*, 138 F.3d 1254, 1260 (8th Cir. 1998) ("Because the amended complaints did not raise new issues …, his failure to timely demand a jury trial following the filing of the initial complaint results in a waiver of this right"); *Cardiac Pacemakers, Inc. v. Coratomic, Inc.*, 702 F.2d 671, 672 (8th Cir. 1983) ("We hold that the jury demand was properly stricken. The amended counterclaim added no new issue of substance"); *Wiliams v. Farmers & Merchants Ins. Co.*, 457 F.2d 37, 38 (8th Cir. 1972) ("Once waived, the right [to trial by jury] is revived by amendments to the pleadings only if new issues are raised in such amendments"); *Guajardo v. Estelle*, 580 F.2d 748, 752-53 (5th Cir. 1978) ("Amendments not introducing new issues will not give rise to a demand for a jury trial"); *Home Owners Ins. Co. v. Moffitt*, C.A. 1:11-cv-517, 2013 BL 34310 (W.D. Mich. Feb. 8, 2013) (holding that defendant waived any right to jury trial on claim raised as a counterclaim to an amended complaint, where original counterclaim raising the same issues did

not request a jury trial); *Anaconda-Ericsson, Inc. v. Am. Dist. Tel. Co.*, 1010 F.R.D. 13 (E.D.N.Y. 1984) ("it is well settled that a jury demand asserted for the first time in an amended pleading creates a right to a jury trial only as to new issues of fact raised by the amended pleading"). *See also* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2320 (2024) ("amended or supplemental pleading does not revive a jury trial right previously waived on the issues already framed by the original pleadings").

Because Franklin did not timely request a jury trial measured from his original Counterclaim, he could only request a jury trial on new issues properly raised for the first time in his Amended Counterclaim. But Franklin did not raise any new issues in his Amended Counterclaim, which was essentially identical to his original Counterclaim. Franklin has waived any right to a jury trial on his Counterclaim, and his jury demand therefore must be stricken.

### C. Franklin Is Not Entitled to a Trial by Jury in Federal Court for His Counterclaim Under A.C.A. 16-118-115

Even if Franklin had timely requested a jury trial, he would not have been entitled to a jury trial on a claim arising under A.C.A. § 16-118-115.[1] Section 16-118-115 does not specify whether a civil action seeking to enforce A.C.A. § 11-5-117 is triable by jury. Whatever the status of Franklin's jury right under Arkansas law, however, a litigant's right to a jury trial in federal court is determined as a matter of federal law. *See Simler v. Conner*, 372 U.S. 221, 222 (1963). In determining whether the Seventh Amendment's preservation of a right to trial by jury for "Suits at common law" applies to a particular claim, Courts must first "compare the statutory actions to 18th-century actions brought in the courts of England prior to the merger of courts of law and equity" and second, "examine the remedy sought and determine whether it is legal or equitable in

[1] Since Franklin has waived his right to a jury as a matter of black letter law, the Court need not address the separate issue of whether he ever would have been able to make a jury demand.

nature." *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013) (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). "The Supreme Court has stressed the second inquiry of this test is the more important of the two." *Id.* (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)).

Franklin's claim under § 16-118-115 is one that would have been brought in the courts of equity and the relief he seeks is entirely equitable in nature. The principal relief that Franklin seeks is an injunction enjoining Union Pacific from enforcing its workplace policy. (ECF No. 56, ¶ 88). Franklin additionally seeks attorney fees as compensatory damages,[2] as well as unspecified "costs, fines, and fees." (*Id.* at ¶¶ 90-92). These are textbook equitable claims and remedies. Therefore, even if Franklin timely made a demand for jury trial, which he did not, it should now be stricken by this Court.

Respectfully submitted,

Cynthia W. Kolb (ABA # 2000156)
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 377-0382
Fax: (501) 375-1309
ckolb@roselawfirm.com

- and -

Joseph P. Sirbak, II (admitted *pro hac vice*)
Robert S. Hawkins (admitted *pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000
jsirbak@cozen.com
rhawkins@cozen.com

[2] The only element of economic loss for which Franklin claims compensation is his payment of attorney fees. (ECF No. 56, ¶¶ 90-91).

Michael J. Mills (admitted *pro hac vice*)
Union Pacific Railroad
1400 Douglas Street
Omaha, NE  68179
(402) 544-0441
mjmills@up.com