**+IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RANDY G. FRANKLIN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 4:22-cv-960-LPR |

**PLAINTIFF UNION PACIFIC RAILROAD COMPANY'S
RESPONSE TO SUGGESTION OF MOOTNESS**

On February 5, 2025, the Court's Courtroom Deputy inquired by e-mail to the parties whether Defendant and Counterclaim-Plaintiff Randy Franklin was presently an employee of Union Pacific Railroad Company ("Union Pacific") and, if not, the status of any appeal. On February 7, 2025, Union Pacific responded, confirming that Franklin was dismissed from employment on September 12, 2024, for disciplinary infractions unrelated to the present litigation and updating the Court on the status of the labor grievance currently being progressed by Franklin's union. That grievance currently is awaiting arbitration. On February 26, 2025, counsel for Franklin belatedly responded, claiming to have additional plaintiffs and speculating that Union Pacific would not want the case to be dismissed for mootness. Union Pacific writes to provide the Court with its position concerning the mootness of the claims raised in this litigation.

Franklin's Motion for Preliminary Injunction (ECF No. 44) should be denied because he is not presently employed by Union Pacific, among other reasons. Given Franklin's current employment status, he faces no ongoing irreparable harm and there is no reason for the Court to issue expedited, preliminary relief.

As to the question of mootness, that issue is jurisdictional, so Union Pacific's preference is not relevant. Nevertheless, Union Pacific submits that its claims against Franklin, seeking declaratory judgments that § 11-5-117 is preempted by the ICC Termination Act and the Railway Labor Act, are not moot. Franklin's union has progressed a grievance seeking his reinstatement and Franklin may be reinstated through that process, as he was in the prior arbitration involving his possession of a firearm in his vehicle on Union Pacific property. Indeed, Franklin's reinstatement from his earlier dismissal through the same grievance process precipitated the present litigation.

Finally, even if Franklin's Counterclaim for injunctive relief is moot, his Counterclaim additionally seeks compensatory damages in the form of attorney's fees. (ECF No. 56, ¶¶ 90, 91) ("Union Pacific's enforcement of its firearm policy has caused Mr. Franklin to sustain economic loss in that Mr. Franklin must pay attorney fees … Mr. Franklin is therefore entitled to compensatory damages from Union Pacific"). While there is a dearth of authority interpreting A.C.A. § 16-118-115, under which Franklin brings his Counterclaim, if he succeeds in proving a knowing violation of A.C.A. § 11-5-117, he may be entitled to recover his litigation costs and attorney fees incurred prior to his dismissal. Union Pacific does not believe that this portion of Franklin's Counterclaim is moot. Of course, Franklin would be entitled to no recovery at all on his Counterclaim if the Court grants Union Pacific's pending Motion for Summary Judgment (ECF No. 52) and dismisses Franklin's Counterclaim on the basis that A.C.A. § 11-5-117 is preempted, as applied to Union Pacific.

Respectfully submitted,

Cynthia W. Kolb (ABA # 2000156)
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 377-0382
Fax: (501) 375-1309
ckolb@roselawfirm.com

Joseph P. Sirbak (admitted *pro hac vice*)
Robert S. Hawkins (admitted *pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000
jsirbak@cozen.com
rhawkins@cozen.com

Michael J. Mills (admitted *pro hac vice*)
Union Pacific Railroad
1400 Douglas Street
Omaha, NE 68179
(402) 544-0441
mjmills@up.com