IN THE UNITED STATES DISTRICT COURT
EASTERND DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNION PACIFIC RAILROAD COMPANY PLAINTIFF

VS. CASE NO. 4:22-CV-960-LPR

RANDY G. FRANKLIN
AND
BENJAMIN CRAIG DEFENDANTS
AND
STATE OF ARKANSAS, ex. Rel. Tim Griffin,
ATTORNEY GENERAL INTERVENOR

**ANSWER AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT**

COMES NOW Randy G. Franklin and Benjamin Craig, defendants herein, and for their answer, responds to the numbered paragraphs of the plaintiff's complaint, as follows:

1. Defendant is without sufficient information to form a belief as to the truth of the purpose of the plaintiff’s work rules stated in first sentence of paragraph one and therefore denies same. The balance of paragraph one is admitted.
2. The allegations of paragraph two are admitted.
3. The allegations of paragraph three are admitted.
4. The allegations of paragraph four are admitted except that the plaintiff made no express threat of legal action in the correspondence to which paragraph four alludes and that Union Pacific could face liability for merely following the state law of allowing employees to leave their firearms out of sight in a locked vehicle in the parking lot.
5. As to the allegations of paragraph five, they are admitted.
6. The allegations of paragraph six avers a legal proposition to be determined by the Court to which no response is required and is thus denied. It is known that railroads are not

uniquely situated to be the only employer not immune, and the statute in question does not specifically discriminate against or specifically target the railroad industry.

7. Paragraph seven is admitted.
8. The Defendant has no knowledge of the factual or legal assertion in paragraph 8.
9. The allegations of paragraph nine are admitted.
10. The allegations of paragraph 10 are admitted.
11. Paragraph 11 is admitted.
12. The allegations of paragraph 12 are denied as Franklin is still considered an employee during the appeal of his termination.
13. The allegations of paragraph 13 are admitted.
14. The averments of paragraph 14 are admitted.
15. The allegations of paragraph 15 are admitted.
16. The allegations of paragraph 16 are admitted.
17. The allegations of paragraph 17 are admitted.
18. The allegations of and averments of paragraph 18 are admitted.
19. As to the allegations of paragraph 19 are admitted except that the last sentence of paragraph nineteen regarding the alleged conflict of statutes is a legal conclusion requiring no response but which the defendant is not in agreement with.
20. As to the allegations in paragraph 20, the statute cited therein speaks for itself and the averments based thereon are legal conclusions requiring no response, Defendant disagrees they are applicable to the specific facts of this case and thus are denied.

21. As to the allegations of paragraph 21, the statute cited therein speaks for itself and the averments based thereon are legal conclusions requiring no response, Defendant disagrees they are applicable to the specific facts of this case and thus are denied.
22. The averments of paragraph 22 and the statute cited therein speaks for itself and the averments based thereon are legal conclusions requiring no response, Defendant disagrees they are applicable to the specific facts of this case and thus are denied.
23. The averments of paragraph 23 and the statute cited therein speaks for itself and the averments based thereon are legal conclusions requiring no response, Defendant disagrees they are applicable to the specific facts of this case and thus are denied.
24. The averments of paragraph 24 state a general statutory framework and require no response and will be determined by the Court.
25. To the extent that paragraph 25 merely provides a summary of a statutory framework whereby employees make compensation claims no response is required as the law speaks for itself.
26. The averments of paragraph 26 state a general statutory framework as well as discussion of law, and require no response and will be determined by the Court.
27. The averments of paragraph 27 state a general statutory framework as well as discussion of law, and require no response and will be determined by the Court.
28. Paragraph 28 describes Plaintiff's understanding of how minor disputes are resolved before the National Railroad Adjustment Board, the allegations of paragraph 28 are admitted to the extent that the applicable law will be determined by the Court. Any other implied averments are denied.

29. To the extent that paragraph 29 provides a brief description of caselaw, the allegations are admitted. Any other implied averments are denied.
30. To the extent that that paragraph 30 contains a description of a legal principle as articulated in the case of Gore v. Trans World Airlines, that description is admitted. Any other implied assertions are denied.
31. As to the averments of paragraph 31, the defendant admits no more than that the term "presumption" has been used in the 8th Circuit caselaw in connection with minor disputes. The balance of paragraph 31 is denied.
32. The allegations of paragraph 32 are admitted and the statute speaks for itself.
33. The allegations of paragraph 33 are admitted and the statute speaks for itself.
34. The allegations of paragraph 34 are admitted and the statute speaks for itself.
35. The allegations of paragraph 35 are admitted as the case speaks for itself.
36. The allegations of paragraph 36 are admitted.
37. The allegations of paragraph 37 are denied.
38. The allegations of paragraph 38 are denied.
39. The allegations of paragraph 39 are denied.
40. The allegations of paragraph 40 are denied.
41. The allegations of paragraph 41 are admitted.
42. The allegations of paragraph 42 are admitted.
43. The allegations of paragraph 43 are admitted.
44. The allegations of paragraph 44 are admitted.
45. The allegations of paragraph 45 are admitted.
46. The allegations of paragraph 46 are admitted.

47. The allegations of paragraph 47 are admitted.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are admitted.

50. The allegations of paragraph 50 are admitted.

51. The allegations of paragraph 51 are admitted.

52. The allegations of paragraph 52 are admitted.

53. To the extent that paragraph 53 has anticipated the counterclaim that defendant is filing concurrently with this answer, it is admitted.

54. Paragraph 54 requires no response.

55. The allegations of paragraph 55 are admitted partially, with the exception that the dismissal may or may not be related to the “trouble” Franklin is causing UP in the present case and that Franklin denies any disciplinary infractions were committed.

56. The allegations of paragraph 56 are admitted.

57. The allegations of paragraph 57 is admitted.

58. Paragraph 58 does not require a response.

59. Paragraph 59 does not require a response and speaks for itself.

60. Paragraph 60 is admitted.

61. Paragraph 61 is admitted.

62. Paragraph 62 is admitted.

63. The allegations of paragraph 63 set forth a hypothetical scenario to which no response is required, and reaches a legal conclusion regarding negligence of allowing a firearm in a vehicle. Paragraph 63 is thus denied.

64. Paragraph 64 is a legal conclusion for the court to decide.

65. The allegations of paragraph 65 are a statement of law and fact and will be determined by the court.

66. The allegations of paragraph 66 are admitted to the extent that UP must comply with the statute but denied as to the assertion that no other private employer is not similarly situated.

67. The allegations of paragraph 67 are denied, as in addition to railroads, industries like river ports, energy utilities, telecommunication companies, airlines, shipping companies, and trucking firms have been subject to federal regulations that limit or eliminate state immunity for tort liability, and Union Pacific specifically alleges this after being given evidence of the exact same statutory scheme of liability controls the various river port companies that operate in Arkansas.

68. Paragraph 68 is denied as Defendant believes the companies referred to in paragraph 67 are subject to the same scenarios or are possibly also in the same scenario.

69. Paragraph 69 is admitted.

70. The allegations of paragraph 70 are a request which the Defendant opposes.

71. The allegations of paragraph 71 require no response.

72. The allegations of paragraph 72 require no response but are admitted.

73. The allegations of paragraph 73 are admitted.

74. The allegations of paragraph 74 are admitted.

75. The allegations of paragraph 75 are denied, the bargaining agreement does not even remotely encapsulate any of the facts, law, or circumstances in this case, which is probably why UP never quotes the alleged bargaining agreement violation, and the bargaining agreement existed prior to the contested legal right going into effect. Finally,

bargaining away a legal right is invalid, as an employer could not require an employee to not register to vote, for example, but even if they could, this statute specifically takes this particular activity outside the legal realm of bargaining and negotiations.

76. Paragraph 76 is denied.
77. For Paragraph 77, Defendant admits there is a controversy but denies that the Plaintiff should be awarded declaratory judgment.
78. Paragraph 78 is denied as to the relief requested is not available to Plaintiff.

WHEREFORE, the plaintiff's claim having shown to be without merit, the defendant prays the court dismiss the same and cast costs against the plaintiff.

## COUNTERCLAIMS

Count 1 A.C.A. 16-118-115

79. For his counterclaim, Both Defendants adopt the facts as admitted in his answer regarding this Court's jurisdiction over venue and the nature of this action and avers that the plaintiff is personally subject to this Court's jurisdiction.
80. The defendants aver further that this Court has supplemental jurisdiction over this counterclaim that is based exclusively on state law, the statutory law of Arkansas that provides the cause of action in terms of which this counterclaim is asserted.
81. For his counterclaim, the defendants adopt the facts as admitted in his answer regarding this Court's jurisdiction over venue and the nature of this action and avers that the plaintiff is personally subject to this Court's jurisdiction.

82. The defendants aver further that this Court has supplemental jurisdiction over this compulsory counterclaim that is based exclusively on state law, the statutory law of Arkansas that provides the cause of action in terms of which this counterclaim is asserted.

83. A.C.A. 11-5-117 prohibits two scenarios, the first is : “(b) A private employer shall not prohibit an employee from transporting or storing a legally owned firearm in the employee's private motor vehicle in the private employer's parking lot when the firearm is:

(1) Lawfully possessed; and

(2) Stored out of sight inside a locked private motor vehicle.”

84. The second scenario the statute prohibits is: “(c) A private employer shall not prohibit or attempt to prevent an employee from entering the parking lot of the private employer's place of business because the employee's private motor vehicle contains a firearm if the firearm is:

(1) Kept for lawful purposes; and

(2) Stored out of sight inside a locked private motor vehicle.”

85. A.C.A. 16-118-115 states that “An employer or employee who knowingly violates § 11-5-117 is liable to the prevailing party in an action brought under this section and, upon proving the prevailing party's case by clear and convincing evidence, is entitled to one (1) or more of the following remedies:

(1) Equitable relief;

(2) Compensatory damages; and

(3) Costs and fees, including reasonable attorney's fees.”

86. None of the exceptions in the statute apply to Mr. Franklin and Union Pacific.

87. Union Pacific is Mr. Franklin's and Mr. Craig's private employer.
88. Union Pacific has prohibited Mr. Franklin and Mr. Craig from transporting and storing Mr. Franklin's and Mr. Craig's lawfully possessed and legally owned firearm out of sight in Mr. Franklin's and Mr. Craig's locked private motor vehicle in the Union Pacific parking lot.
89. Union Pacific prohibited Mr. Franklin and Mr. Craig from entering the parking lot of the Union Pacific's place of business with a firearm if Mr. Franklin's and Mr. Craig's vehicle contained a firearm even if it was kept for lawful purposes and stored out of sight inside Mr. Franklin's and Mr. Craig's locked private motor vehicle.
90. Mr. Franklin and Mr. Craig would like to bring their firearms to Union Pacific's parking lot in accordance with A.C.A. 11-5-117.
91. On April 20th, 2022 a public law board decision noted the following about Mr. Franklin (claimant) and Union Pacific (carrier): "The Claimant Should now be aware that it remains the firm position of this Carrier that bringing a firearm on property, even if stowed in a locked vehicle, continues to not be permitted. The Claimant is reminded that the Carrier has made clear during the handling of this matter that it intends to not waiver in its position that GCOR 1.12 and the longstanding policy of zero tolerance with regards to possessing firearms in facilities, equipment, or vehicles on company premises will continue to be maintained and enforced."
92. Prior to Union Pacific filing their claims against Mr. Franklin, Mr. Franklin sent Union Pacific a letter outlining Union Pacific's illegal practice of forbidding him from possessing or transporting a firearm on the Union Pacific parking lot.

93. In response to the aforementioned letter, Union Pacific has instituted the instant action which Mr. Craig has fearfully observed from the sidelines until now. Thus, a justiciable controversy exists between the parties for which declaratory relief is an appropriate remedy which Mr. Franklin and Mr. Craig hereby seek.
94. Furthermore, Mr. Franklin and Mr. Craig will suffer irreparable harm without an injunction enjoining Union Pacific from enforcing its firearm policy in violation of Arkansas statute. Mr. Franklin and Mr. Craig therefore requests that the Court enjoin Union Pacific from preventing Mr. Franklin and Mr. Craig from possessing or transporting his firearm in accordance with Arkansas law.
95. Mr. Franklin and Mr. Craig have been deprived by Union Pacific his right to property and self-defense (possessing his firearm).
96. Union Pacific's enforcement of its firearm policy has caused Mr. Franklin and Mr. Craigto sustain economic loss in that Mr. Franklin and Mr. Craig must pay attorney fees in order to defeat Union Pacific's claims in order to possess a firearm in accordance with Arkansas law.
97. Mr. Franklin and Mr. Craig are therefore entitled to compensatory damages from Union Pacific.
98. Mr. Franklin requests that the Court order a bench trial and for Union Pacific to pay Mr. Franklin's costs, fines, fees, reasonable attorney fees, and compensatory damages relating to this cause of action.

Respectfully Submitted on Behalf of Randy Franklin, and Benjamin Craig

W. Whitfield Hyman
AR BAR#: 2013237
King Law Group, PLLC
300 N 6th Street
Fort Smith, Arkansas 72901

Phone: (479) 318-0345
Fax: (479) 316-2252

**CERTIFICATE OF SERVICE**

I, William Whitfield Hyman, attorney for Defendants Randy Franklin and Benjamin Craig, hereby certify that I have on this the 14th day of July, 2025, served a true and correct copy of the foregoing, upon the counsel of record for Union Pacific via the electronic filing system.

William Whitfield Hyman