**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RANDY G. FRANKLIN and BENJAMIN CRAIG,<br><br>Defendants,<br><br>STATE OF ARKANSAS, ex. Rel. TIM GRIFFIN, ATTORNEY GENERAL,<br><br>Intervenor. | ) | C.A. 4:22-cv-00960-LPR |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM TO SECOND AMENDED COMPLAINT**

Plaintiff, Union Pacific Railway Company, responds to the numbered paragraphs of the Defendants' Counterclaim to Plaintiff's Second Amended Complaint, as follows:

79. The allegations of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, Union Pacific does not contest that it is subject to personal jurisdiction before this Court.

80. The allegations of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, Union Pacific does not contest that the Court presently has supplemental jurisdiction over Defendants' counterclaim.

81. The allegations of this paragraph, which are virtually identical to the allegations of paragraph 79, state conclusions of law to which no response is required. To the extent a

response is deemed required, Union Pacific does not contest that it is subject to personal jurisdiction before this Court.

82. The allegations of this paragraph, which are virtually identical to the allegations of paragraph 80, state conclusions of law to which no response is required. To the extent a response is deemed required, Union Pacific does not contest that the Court presently has supplemental jurisdiction over Defendants' counterclaim.

83. Admitted only that defendants accurately restate A.C.A. 11-5-117(b).

84. Admitted only that defendants accurately restate A.C.A. 11-5-117(c).

85. Admitted only that defendants accurately restate A.C.A. 16-118-115. Union Pacific specifically denies that it knowingly violated § 11-5-117 or is liable to defendants in any way.

86. Denied as stated. Assuming "the exceptions in the statute" that defendant, Randy Franklin ("Franklin"), references refer to the statutory requirements that a firearm be lawfully possessed and stored outside of sight inside a locked private motor vehicle, Union Pacific is without knowledge of whether Franklin at all times satisfied both requirements and therefore denies the same. Further, Franklin was subject to disciplinary proceedings during the period between August 14, 2024 and September 12, 2024, and on September 12, 2024 he was dismissed from employment. The remaining allegations of this paragraph are denied.

87. Admitted in part, denied in part. It is admitted only that Defendant, Benjamin Craig ("Craig") is currently employed by Union Pacific. Union Pacific no longer employs Frankin and therefore denies the allegation.

88. Admitted in part, denied in part. Union Pacific admits that Rule 1.12 of its General Code of Operating Rules and that its Workplace Violence Policy prohibit Union Pacific employees from having firearms or other weapons on company property, which includes Union Pacific's parking lot. Union Pacific is without knowledge of whether Franklin and Craig at all times lawfully possessed and owned firearms and stored them out of sight in locked private motor vehicles and therefore denies the same. The remaining allegations of this paragraph are denied.

89. Admitted in part, denied in part. Union Pacific admits that Rule 1.12 of its General Code of Operating Rules and that its Workplace Violence Policy prohibit Union Pacific employees from having firearms or other weapons on company property, which includes Union Pacific's parking lot. Union Pacific is without knowledge of whether Franklin and Craig at all times kept firearms for a lawful purpose and stored them out of sight in locked private motor vehicles and therefore denies the same. The remaining allegations of his paragraph are denied.

90. Admitted in part, denied in part. Union Pacific admits, upon information and belief, that Franklin and Craig would like to bring firearms to Union Pacific's parking lot. Union Pacific denies that doing so would be in accordance with A.C.A. 11-5-117.

91. Admitted that, on April 20, 2022, Public Law Board 7029 issued a written decision, in which it referred to Franklin as "Claimant" and Union Pacific as "Carrier," and further that Franklin restated a portion of the decision with substantial accuracy.

92. Admitted in part, denied in part. Union Pacific admits only that, on or about September 6, 2022, prior to Union Pacific's filing of its Complaint against Franklin, counsel for Franklin advised Union Pacific that Franklin "desires simply to enjoy the protection afforded by

Ark. Code Ann. § 11-5-117 and stated that Union Pacific's policies "would run afoul of Ark. Code Ann. § 11-5-117." The remaining allegations of this paragraph are denied. Union Pacific specifically denies that it has engaged in any illegal practice.

93. The first sentence of this paragraph is admitted in part, denied in part. Union Pacific admits that it originally instituted this action in response to the letter referred to in the preceding paragraph, but Union Pacific is without knowledge of Mr. Craig's state of mind and therefore denies the remaining allegations of the first sentence. The second sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Union Pacific does not contest that this Court may enter declaratory relief on the question of whether Ark. Code Ann. § 11-5-117 applies to rail carriers such as Union Pacific. The remaining allegations of this paragraph are denied.

94. The first sentence of this paragraph is denied. The second sentence of this paragraph contains a prayer for relief to which no response is required. To the extent a response is deemed required, Union Pacific denies that Franklin and Craig are entitled to any relief.

95. Denied.

96. Denied.

97. Denied.

98. This paragraph contains a prayer for relief to which to response is required. To the extent a response is deemed required, Union Pacific denies that Franklin is entitled to any relief.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaim fails in whole or in part because it fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaim is preempted in whole or in part by the Railway Labor Act.

THIRD AFFIRMATIVE DEFENSE

Defendants' counterclaim is preempted in whole or in part by the ICC Termination Act.

FOURTH AFFIRMATIVE DEFENSE

Union Pacific at all times acted in good faith, based on a reasonable belief that it was in compliance with all legal requirements.

FIFTH AFFIRMATIVE DEFENSE

Union Pacific has not knowingly violated Ark. Admin. Code § 11-5-117.

RESERVATION OF RIGHTS

Union Pacific has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Union Pacific reserves the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, Union Pacific respectfully requests that judgment be entered in its favor and against Defendants, that Defendants' Counterclaim be dismissed with prejudice, and that Union Pacific be awarded costs, interest, attorneys' fees, as allowed by law, and other such relief as this Court deems appropriate.

Respectfully submitted,

Cynthia W. Kolb (ABA # 2000156)
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 377-0382
Fax: (501) 375-1309
ckolb@roselawfirm.com

- and -

Joseph P. Sirbak, II (admitted *pro hac vice*)
Robert S. Hawkins (admitted *pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000
jsirbak@cozen.com
rhawkins@cozen.com

Michael J. Mills (admitted *pro hac vice*)
Union Pacific Railroad
1400 Douglas Street
Omaha, NE 68179
(402) 544-0441
mjmills@up.com